## Bates v. Gayheart.

(Decided September 26, 1918.)

### Appeal from Knox Circuit Court.

Deeds—Exception—Construction.—Under a deed to land contain-
ing the following provision, "Except any timber and coal upon
said land that the party of the first part may want to use during
his lifetime," the grantor retains title to only such timber and
coal as he may want to use for his personal purposes during his
lifetime, and not to such timber and coal as he might desire to
sell to others, and a conveyance by him of the timber passed no
title to the purchaser.

EDWARD C. O'REAR, J. C. JONES, MAY & MAY and J. M.
BAKER for appellant.

SMITH & COMBS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Reversing.

Alleging that he was the owner of a tract of land on
the Ash Log Hollow of Owen's Branch, in Knott county,
and that defendant, Burnam Gayheart, had entered there-
on and removed certain timber therefrom, and would
continue to cut and remove the timber, plaintiff, Robert
Bates, brought this suit to recover the value of the timber
removed and to enjoin further trespass on the land. On
final hearing, the plaintiff was denied the relief prayed
for and defendant was adjudged to be the owner of all
the timber on the land. Plaintiff appeals.

In the year 1892 Morgan Gayheart was the owner of
a large boundary of land on Owen's Branch, in Knott
county. On August 23rd of that year he conveyed a por-
tion of the land to his son, Thomas Gayheart, and another
portion thereof, on which the timber in dispute in this
action stands, to his son, William Gayheart. In describ-
ing the land conveyed, the deed contains the following
provision:

"Except any timber and coal upon said land that the
party of the first part may want to use during his life-
time."

On March 13, 1910, William Gayheart and wife sold
and conveyed a portion of the land acquired from his
father to plaintiff, Robert Bates, by deed, excepting only
"all the branded oaks and poplars." On January 15,
1915, Morgan Gayheart, for the recited consideration of

$200.00 cash, sold and conveyed to his grandson, Burnam Gayheart, the timber on the land owned by plaintiff, Robert Bates. From the foregoing statement it will be seen that the case turns on the proper construction of the above provision in the deed of August 23, 1892, from Morgan Gayheart to plaintiff's vendor, Willliam Gayheart. In support of the judgment below, it is argued that the title to all the coal and timber that the grantor might desire to use for his personal purposes, or to sell and dispose of to others, remained in him. In this connection we have been cited to the case of Whitaker v. Brown, 46 Pa. St. 197. There the reservation reads as follows:

"Saving and reserving, nevertheless, for his own use, the coal contained in the said piece or parcel of land, together with free ingress or egress by wagon road to haul the coal therefrom as wanted."

The grantee contended that it was only a special and temporary use of the coal that was reserved to the grantor, a right to use the coal during his life, but which ceased at his death. In discussing the question the court said:

"We cannot so read the clause. 'The coal contained in said piece or parcel of land' was the subject of the reservation. If that means less than the whole, how much less? What proportion of the coal was reserved? Words not larger than these were construed to mean the whole of a coal right in Caldwell v. Fulton, and we confess we should not know by what rule to restrict these words if we felt called upon to impose a restriction where the parties imposed none. Do the words 'for his own use' amount to a restriction? Sometimes the use is limited in point of duration, as while the grantee is tenant of a particular messuage, or so long as he manufactures a specific production; but here it is as general and absolute as so few words could make it. 'For his own use' means, in such a reservation, the same dominion and proprietorship over the coal that he would have had if he had made no deed for the land. He held it for his own use in all the forms that it was capable of being used at the date of his deed —he held it just as absolutely after his deed was delivered."

In the case under consideration it is not necessary to imply that only the use of the coal during the grantor's lifetime was contemplated. This idea is clearly expressed

in the excepting clause by the words, "that the party of the first part may want to use during his lifetime," thus showing that the use referred to should last no longer than the grantor's lifetime. To sustain defendant's contention we would have to hold that the use referred to extended beyond the life of the grantor and thus ignore the qualifying words in the question, and give to the exception the same effect as if it had read, "except all the timber and coal upon said land." This we cannot do. Giving proper effect to the qualifying words, we conclude that only such coal and timber were excepted from the conveyance as the grantor might want for his personal use during his lifetime, and not such coal and timber as he might desire to sell to others. In other words, only a personal use by the grantor during his lifetime was contemplated and not a salable use which would continue in effect after his death. Since the grantor had no right to sell the timber to defendant, it follows that the defendant acquired no title by the conveyance. That being true, plaintiff should have been granted the relief prayed for.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.